McKinney, J.,
delivered the opinion of the Court.
*333 This was an action of ejectment in the Circuit Court of Ohion. Yerdict and judgment were for the defendant, and an appeal in error to this Court. The tract contains six hundred and forty acres, and is situated in two different counties: about one - third of the entire tract, including the beginning corner, lies in Dyer county, and the remainder of the tract in Obion county. The present action was brought to recover that portion of the land which lies in Obion.
The plaintiff produced a title to himself, valid upon its face, and covering the entire tract of land, derived under a North Carolina grant to Edward .Harris, for six hundred and forty acres, dated the 18 th' of May, 1789.
The defendant’s title purports to be founded on a tax sale. It appears that said tract of land was reported by the sheriff and collector of Dyer county to the Circuit Court of said county, at the February Term, 1848, for the taxes of the preceding year, in the name of the plaintiff Williams, and that a judgment of condemnation was rendered, an order of sale issued, and a sale made of said tract of land by the sheriff, who afterwards executed a deed to the defendant Harris for the same. In 1849, said tract of land was again reported to the Circuit Court of the same county, in the name of Williams the plaintiff, for the taxes of 1848, and the like proceedings were had for the condemnation and sale of the same; in pursuance of which, the land was again sold and conveyed by the ' sheriff • to the defendant Harris.
In the several proceedings in both instances — the sheriff’s report to the Court, the judgment of condem *334 nation, order of sale, advertisement of sale, and sheriff’s deed — said tract of land is stated to lie within the county of Dyer; when in fact, as before stated, two-thirds of the tract lie in Obion county.
Under color of the conveyances thus obtained, the defendant Harris entered upon and took possession of the land, and claims the right to hold the entire tract, as well the part lying in Obion as that in Dyer.
It is too clear to admit of discussion, that the foregoing proceedings and sale — so far at least as respects that portion of the tract situate in Obion county — are simply void, and that in virtue of his purchase and sheriff’s deed the defendant acquired no color of claim or title to that part of the land; nor is the title of the plaintiff to the same in the slightest degree affected by the proceedings.
But it is argued — and so the Circuit Judge instructed the jury — that, by the construction placed by this Court on the act of 1844, ch. 92, § 1, in Tharp vs. Hart, 2 Sneed’s Rep., 569, the validity of the sales under which the defendant claims cannot be questioned or impeached on the ground before stated, unless the plaintiff had shown that the taxes were duly paid before the judgment of condemnation was rendered; and, consequently, that, having failed to do so, the title of the defendant acquired under the tax sales must be regarded, for all the purposes of the present case, as valid, and superior to that of the plaintiff.
This reasoning, we think, is altogether unsound. The act of 1844 has no application to a case like the present; neither has the case of Tharp vs. Hart. The statute only precludes the party from availing himself of irregu *335 larities in tbe proceedings and sale (in tbe absence of proof of tbe payment of tbe taxes before judgment) in cases where tbe Court rendering tbe judgment and awarding tbe order of sale bad rightful jurisdiction to do so. There is nothing in tbe statute that precludes, or in tbe least degree restricts, inquiry into tbe jurisdiction of tbe tribunal ordering tbe sale. Tbe question of jurisdiction, is always open, in all cases; and if jurisdiction does not exist, all tbe proceedings are of course utterly void. Tbe jurisdiction of tbe Circuit Courts in tbe sale of lands for taxes is purely statutory; and we are aware of no statute authorizing tbe Court of one county to order tbe sale of land, for unpaid taxes, situate in a different county.
Upon this ground, tbe proceedings of tbe Circuit Court of Dyer are void, so far at least as regards that part of tbe land within tbe limits of Obion county. And in refusing to permit tbe plaintiff to avail himself of this objection on tbe trial, tbe Court erred.
Judgment reversed.